**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,          )
                                        )
         v.                     )     ID Nos.     1812006782
                                          )                          1812014043
JOSHUA CIRWITHIAN,      )
                                          )
     Defendant.              )

## ORDER

On this 5th day of April, 2024, upon consideration of Defendant Joshua Cirwithian's ("Defendant") *pro se* Objection to the Superior Court Commissioner's Report and Recommendation (the "Objection"),[1] the Commissioner's Report and Recommendation,[2] and the record in this case, it appears to the Court that:

1. On August 1, 2021, Defendant filed a motion for postconviction relief to set aside his judgment of conviction. Consideration of the motion was delayed because Defendant filed motions for appointment of counsel and was appointed counsel, who subsequently filed a motion to withdraw.[3]

---

[1] D.I.s 1812006782-98, 1812014043-112.

[2] D.I.s 1812006782-92, 1812014043-106; *State v. Cirwithian*, 2024 WL 862447 (Del. Super. Feb. 28, 2024). The Court adopted this Report and Recommendation in its entirety on March 20, 2024. *State v. Cirwithian*, 2024 WL 1219137, at *2 (Del. Super. Mar. 20, 2024).

[3] On August 6, 2021, Defendant filed a *pro se* motion for appointment of counsel. D.I. 1812014043-73. On November 1, 2021, the Court granted that motion. D.I. 1812014043-75. On August 8, 2022, postconviction counsel was appointed for Defendant. D.I. 1812014043-78. On February 14, 2023, postconviction counsel filed a motion to withdraw. D.I. 1812014043-88. On March 8, 2023, Defendant filed a response to postconviction counsel's motion to withdraw. D.I. 1812014043-91.

2. On June 6, 2023, Defendant filed a first brief to supplement his motion for postconviction relief.[4] On June 12, 2023, the State filed a brief in opposition to the motion.[5] On July 11, 2023, Defendant filed a brief in response to the State's brief.[6] On October 26, 2023, Defendant filed a second brief to supplement his motion.[7]

3. On January 30, 2024, Defendant sent a *pro se* letter to the Court, in which he alleged that the State forged the Certificate of Authenticity document that was presented at trial to authenticate Facebook messages.[8] The State had offered these messages to corroborate the testimony of the victim.[9]

4. Defendant's motion for postconviction relief was referred to the Commissioner pursuant to 10 *Del. C.* § 512(b) and Superior Court Rule of Criminal Procedure 62 for proposed findings of fact and conclusions of law. On February 28, 2024, the Commissioner issued a Report and Recommendation, in which he recommended that the Court summarily dismiss Defendant's motion.[10]

5. On February 29, 2024, the Court wrote to the parties, requesting that they file responses to the allegations that Defendant made against the State in his January 30, 2024 *pro se* letter.[11]

---

[4] D.I.s 1812006782-79, 1812014043-94.
[5] D.I.s 1812006782-80, 1812014043-95.
[6] D.I. 1812006782-81.
[7] D.I. 1812014043-103.
[8] D.I.s 1812006782-91, 1812014043-105.
[9] *Id.*
[10] D.I.s 1812006782-92, 1812014043-106.
[11] D.I. 1812014043-110.

6. On March 5, 2024, the State responded by letter to this Court, in which it denied forging the certificate that was offered to authenticate the Facebook messages. The State emphasized the Commissioner's statement that "the State established a rational basis from which the judge could conclude the evidence was connected to the Defendant."[12] The State asserted that Defendant had not factually supported his conclusory allegation of forgery.

7. A party can file and serve written objections to a Commissioner's report and recommendation on postconviction relief "[w]ithin ten days after filing of a Commissioner's proposed findings of fact and recommendations."[13] In this case, neither party filed and served a written objection on or before March 12, 2024, ten days after the Commissioner filed his Report and Recommendation. Then, on March 20, 2024, the Court issued an order, in which it adopted the Commissioner's Report and Recommendation in its entirety and denied Defendant's motion for postconviction relief.[14]

8. On March 21, 2024, Defendant filed the instant Objection. In it, Defendant asks the Court to (1) vacate his convictions and sentences; (2) schedule a new trial

---

[12] D.I.s 1812006782-92, 1812014043-106.
[13] Super. Ct. Crim. R. 62(a)(5)(ii).
[14] *State v. Cirwithian*, 2024 WL 1219137, at *2 (Del. Super. Mar. 20, 2024).

or reduce his sentence; (3) schedule an evidentiary hearing on his allegations from the Objection; and (4) appoint new postconviction counsel.[15]

9. Pursuant to Rule 62(b), a party "appealing the findings of fact and recommendations of a Commissioner under subparagraph (5) who fails to comply with the provisions of this rule may be subject to dismissal of said motion for reconsideration or appeal."

10. Defendant's Objection is subject to dismissal because Defendant failed to comply with the requirements of Rule 62. Rule 62(a)(5)(ii) requires that written objections be filed within ten days after the filing of the Commissioner's proposed findings of fact and recommendations.[16] Defendant did not serve and file his written objections within ten days after the Commissioner filed his Report and Recommendation on February 29, 2024.[17] The temporal window to file written

---

[15] D.I.s 1812006782-98, 1812014043-112. Defendant was previously appointed postconviction counsel to represent him in his motion for postconviction relief. That counsel filed a motion to withdraw as counsel on February 10, 2023. That motion was referred to the Commissioner. On February 28, 2024, the Commissioner recommended that the Court grant the motion to withdraw. On March 20, 2024, after considering the Commissioner's Report and Recommendation, the Court granted the motion to withdraw. *State v. Cirwithian*, 2024 WL 1219137 (Del. Super. Mar. 20, 2024); *State v. Cirwithian*, 2024 WL 862447 (Del. Super. Feb. 28, 2024). Accordingly, Defendant currently proceeds *pro se*.

[16] Super. Ct. Crim. R. 62(a)(5)(ii) ("Within 10 days after filing of a Commissioner's proposed findings of fact and recommendations under subparagraph (5), any party may serve and file written objections to the Commissioner's order which set forth with particularity the basis for the objections.").

[17] Also, Defendant did not title his written objections "Appeal from Commissioner's Findings of Fact and Recommendations," as the Rule requires. Super. Ct. Crim. R. 62(a)(5)(ii) ("The written objections shall be entitled 'Appeal from Commissioner's Findings of Fact and Recommendations.'").

4

objections closed on March 12, 2024.[18]  Defendant waited until after this window had closed, and the Court had already issued an order adopting the Report and Recommendation, to file his written objections to the Report and Recommendation. Further, Defendant provides no reason for this delay.[19]

11.  Even if Defendant had filed the Objection within the prescribed time period, the arguments he raises in the Objection lack merit.[20]  A judge determines, *de novo*, which of the Commissioner's findings of fact and recommendations to accept, reject, or modify, in whole or in part.[21]  The Court adopted the Commissioner's Report and Recommendation in its entirety by order on March 20, 2024.[22]

12.  First, Defendant argues that the Commissioner erred by failing to repudiate the authentication of Facebook messages at trial by testimony from the victim.[23]  Defendant asks the Court to reject the Commissioner's findings, which

---

[18] *See Cirwithian*, 2024 WL 1219137, at *2.

[19] The Court can shorten or enlarge the time periods of Rule 62 for "good cause."  Super. Ct. Crim. R. 62(c).  Defendant has not shown any good cause for the Court to extend the Rule 62(a)(5)(ii) filing period.

[20] Further, Defendant's failure to follow the Rule 62(a)(5)(ii) timeline deprived the State of the opportunity to timely respond to Defendant's written objections.  Under the Rule, the State should have ten days from service of Defendant's written objections to file and serve a written response. Super. Ct. Crim. R. 62(a)(5)(ii).  Defendant did not timely file his Objection, so the State did not file and serve a written response within ten days after Defendant filed the Objection.  Hence, the Court has not received the benefit of a response to the Objection from the State.

[21] Super. Ct. Crim. R. 62(a)(5)(iv).

[22] *See Cirwithian*, 2024 WL 1219137.

[23] D.I.s 1812006782-98, 1812014043-112.

5

were based on Delaware law, in favor of Defendant's application of standards from other jurisdictions.[24]  To do so would be nonsensical.

13.  Second, Defendant argues that the Commissioner erred by dismissing his ineffective assistance of counsel claims because, in Defendant's view, his counsel's representation fell below an objective standard of reasonableness.[25]   The Commissioner stated that Defendant's ineffective assistance of counsel claims were procedurally barred and, nonetheless, failed on the merits under the standard of *Strickland v. Washington*.[26]   In the Objection, Defendant does not raise any substantive challenges to the Commissioner's findings that would cause the Court to reconsider adoption of the Report and Recommendation.

14.  Third, Defendant argues that the Commissioner erred by determining that Defendant's motion for postconviction relief was procedurally barred under Rules 61(i)(3) and/or 61(i)(4).[27]   Defendant does not argue that these procedural bars do not apply, merely that the substance of his claims justifies an exception to the bars. Delaware recognizes an exception to these procedural bars when the postconviction

---

[24] The Commissioner concluded that the messages had been properly authenticated, based on Delaware Rule of Evidence 901 and *Bowers v. State*, 2023 WL 6938238, at *3 (Del. Oct. 20, 2023). *State v. Cirwithian*, 2024 WL 862447, at *6-7 (Del. Super. Feb. 28, 2024).  Defendant asks the Court to reject the Commissioner's analysis of on-point law in favor of Defendant's dubious application of *United States v. Lanzon*, 639 F.3d 1293 (11th Cir. 2011), *United States v. Safavian*, 435 F. Supp. 2d 36 (D.D.C. 2006), and *United States v. Vayner*, 769 F.3d 125 (2d Cir. 2014).  D.I.s 1812006782-98, 1812014043-112.

[25] D.I.s 1812006782-98, 1812014043-112.

[26] 466 U.S. 668 (1984); *Cirwithian*, 2024 WL 862447, at *6-12.

[27] D.I.s 1812006782-98, 1812014043-112.

motion satisfies the standard of Rule 61(d)(2)(i) or (d)(2)(ii), which require pleading with particularity new evidence or a new rule of constitutional law made retroactive on collateral review. None of the arguments that Defendant raises in opposition to the application of the procedural bars fit within that exception.[28]

15. Fourth, Defendant argues that the Commissioner erred by determining that the trial judge did not improperly assist or coach the witness at trial.[29] The Commissioner found that the trial judge had merely directed the witness to answer the questions posed by Defendant's counsel, not coached the witness.[30] In the Objection, Defendant fails to clarify which statements by the trial judge he finds objectionable. Rather, he conclusorily states that the trial judge created an unfair advantage for the prosecution. Defendant's arguments do not warrant reconsidering the Court's adoption of the Commissioner's Report and Recommendation.

16. For the foregoing reasons, Defendant's Objection to the Commissioner's Report and Recommendation is **DISMISSED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

---

[28] Defendant cites *Coleman v. Thompson*, 501 U.S. 722 (1991), *Murray v. Carrier*, 477 U.S. 478 (1986), *Martinez v. Ryan*, 566 U.S. 1 (2012), *Maples v. Thomas*, 565 U.S. 266 (2012), and *Reed v. Ross*, 468 U.S. 1 (1984). D.I.s 1812006782-98, 1812014043-112.
[29] D.I.s 1812006782-98, 1812014043-112.
[30] *Cirwithian*, 2024 WL 862447, at *7-8.